ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 DEC 15 AM 10: 55

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | NO. 4-09 CV-742-A | |
| § | | |
| $87,700.00 IN UNITED STATES § | | |
| CURRENCY, § | | |
| Defendant *In Rem*. § | | |

## COMPLAINT FOR FORFEITURE

Plaintiff United States of America ("the Government") files this complaint *in rem* against the Defendant property, to wit: $87,700.00 in United States currency ("the Defendant property") and alleges the following in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

I.

This Court has subject matter jurisdiction of this cause of action by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a). The Court has *in rem* jurisdiction of this cause of action based on 28 U.S.C. § 1355(b). Venue is proper under 28 U.S.C. § 1355(b) and 28 U.S.C. § 1395.

II.

The statutory basis for this suit is 21 U.S.C. § 881(a)(6). 28 U.S.C. §§ 2461 and 2465; and Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims are also applicable.

III.

On or about April 12, 2007, the Defendant property was seized from Jose Jaime Jasso at Interstate 35 South, Mile Post 328, in McLennan County, Hewitt, Texas by officers of the Texas Department of Public Safety ("DPS"). DPS later released Defendant property to the custody of the Federal Bureau of Investigation ("FBI"). Currently, the Defendant property remains in the Northern District of Texas.

IV.

The name of the only known potential claimant to the Defendant property is Jose Jaime Jasso ("Jasso"). The Defendant property was seized from Jasso. While represented by attorney Mark Russell Robinius, Jaime Jasso pled guilty pursuant to a plea agreement on May 14, 2009, to Unlawful Distribution of More Than five hundred (500) grams of cocaine, a Schedule II controlled substance, as a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Jasso was later sentenced to imprisonment for a term of 48 months and is currently incarcerated at the Federal Correctional Institution ("FCI") in Fort Worth at 3150 Horton Road, Fort Worth, Texas 76119. Therefore, notice of this action can be sent to him at the FCI in Fort Worth as well as through attorney Mark Russell

Robinius, at address 1940 Forest Lane, Suite B, Garland, Texas 75042, telephone (972) 487-3785, facsimile (972) 205-9421, electronic mail address rshlawoffice@gmail.com.

V.

As shown in Jasso's attached plea agreement (Ex. 2), Jasso gave up all right to defendant property and agreed "not to contest any criminal, civil, or administrative proceeding for the forfeiture" of defendant property.

VI.

The Defendant property is subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) because the property was intended to be furnished in exchange for a controlled substance in violation of Chapter 13, Subchapter I of Title 21, United States Code; was the proceeds traceable to such an exchange; and/or was money used or intended to be used to facilitate a violation of Chapter 13, Subchapter I of Title 21, United States Code based upon criminal acts committed in the Northern District of Texas. These allegations are more fully set forth in the attached Verification Affidavit of FBI Special Agent Andrew D. Farrell. (Ex. 1).

VII.

THEREFORE, the Government requests the following:

(a)     the District Clerk issue a warrant for the arrest of the Defendant property pursuant to Rule G(3)(b)(I) of the Supplemental Rules;

(b) the Defendant property be arrested by the Federal Bureau of Investigation (FBI), as provided by Rule G(3)(c) of the Supplemental Rules;

(c) publication of notice of the complaint for forfeiture and the warrant for arrest of property be made by posting notice on the official internet government site www.forfeiture.gov for at least 30 consecutive days in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules;

(d) notice pursuant to Rule G(4)(b) of the Supplemental Rules be sent to any person reasonable appearing to be a known potential claimant, advising the person of the date of notice; the deadline for filing a claim (35 days after notice is sent); that an answer or motion under Rule 12(b) must be filed no later than 20 days after the filing of the claim; and the name of the Government's attorney to be served with the claim and answer;

(e) after all proceedings are had on this complaint for forfeiture, that the Defendant property be condemned by judgment and order of this Court and declared and decreed to be forfeited to the Government according to law;

(f) all costs and expenses incurred by the Government in obtaining the condemnation and forfeiture of the Defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the Court deems just and equitable; and

(g)  the Government have such other and further relief, at law or in equity, to which it may show itself justly entitled.

                Respectfully submitted,

                JAMES T. JACKS
                UNITED STATES ATTORNEY

                _____
                Walt M. Junker
                Special Assistant United States Attorney
                Texas State Bar Number 24038115
                Burnett Plaza Suite 1700
                801 Cherry Street Unit #4
                Fort Worth, TX 76102-6882
                Fort Worth: (817) 252-5251
                Dallas: (214) 659-8682
                Facsimile: (817) 978-3094
                Walt.Junker@usdoj.gov

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

### AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Andrew D. Farrell, Special Agent (SA), Federal Bureau of Investigation, Fort Worth, Texas, having been duly sworn, state:

### INTRODUCTION

1.   I am a duly appointed Special Agent of the FBI, having been employed as such since September 1984.  My duties and responsibilities include enforcing the federal laws as set forth in Title 18 and Title 21, United States Code regarding the Controlled Substance Act.

2.   The statements contained in this Affidavit are based on my personal knowledge or on information I learned in the course of this investigation, including information from subjects with the investigation; and information gained from other law enforcement officers.

### PROPERTY SOUGHT FOR FORFEITURE

3.   This Affidavit is presented in support of the seizure of $87,700.00 in U.S. Currency seized from Jose Jamie Jasso subsequent to a vehicle stop and consent to search of a 2007 Chevrolet Monte Carlo, bearing Texas license 944RMK, at Interstate 35 South, Mile Post 328, in McLennan Count, Hewitt, Texas.

### LEGAL BASIS FOR FORFEITURE

4.   21 U.S.C. § 881(a)(6) states that all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or a listed chemical and all proceeds traceable to



such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21 of the United States Code shall be subject to forfeiture to the United States.

**FACTS**

5. Beginning in about January of 2007, North Texas Gang Task Force Officers, including FBI Agents, ATF Agents, Fort Worth Police Department Officers, and Arlington Police Department Officers began an investigation into the activities of a major North Texas cocaine distributor, Danny Ramos, a member of the Texas Syndicate prison gang.

6. During the investigation, several persons were identified as Ramos' associates in the cocaine business, including Eli Palacios and other known Texas Syndicate members in Houston and Fort Worth, Texas.

7. Beginning prior to January 2007, Ramos conspired with various associates, including Palacios and others to possess and distribute cocaine, marijuana and methamphetamine.

8. The FBI's investigation, including use of Court authorized wire interceptions, determined that Ramos received cocaine from an established group of suppliers and distributed the illegal drugs through established customers.

9. On April 12, 2007, Palacios and Harry Aguilar, Jr. left Fort Worth, Texas, driving toward San Antonio, Texas, with cash to buy six kilos of cocaine from other Texas Syndicate members. They were being followed by Jose Jaime Jasso, who was transporting $87,700 in another vehicle. Palacios, Aguilar, and Jasso had pooled the money together to buy the drugs.

10. FBI Agents followed Palacios and Aguilar to a car wash near the Spanish Oaks Apartments, where they met Jasso, who was driving a silver, 2007 Monte Carlo, which was registered to Alamo Rental with Texas license number 944RMK,

11. On April 12, 2007, at about 4:49 p.m., Palacios and Aguilar left the car wash, followed by Jasso in the Monte Carlo. The two vehicles traveled west on Interstate 20 and then south on Interstate 35 West. FBI maintained surveillance of the two vehicles until the Texas Department of Public Safety (DPS) executed a traffic stop of the vehicle being driven by Jasso on Interstate 35 near Waco, Texas.

12. On April 12, 2007 at approximately 6:40 p.m., a DPS Officer stopped Jasso in the Monte Carlo for following another vehicle (Palacios' Tahoe) too closely. Jasso provided the officer with his driver's license and rental agreement. The officer confirmed Jasso's identity using Jasso's Texas driver's license (#112188200). Jasso was visibly nervous and his hands were shaking. Jasso was asked if there was any marijuana, cocaine, or large sums of money inside the vehicle. Jasso responded by saying "No." Jasso provided the DPS Officer with verbal consent to search the vehicle. The DPS Officer found a large bundle of U.S. Currency wrapped with a rubber band under a piece of carpet covering the spare tire. DPS then arrested Jasso and transported him to the DPS office in Waco, Texas. Another DPS Officer arrived at the scene and drove Jasso's vehicle to the DPS office.

13. Once at the DPS office, a DPS drug detection canine made a positive alert to the outside trunk area and on the spare tire compartment inside the trunk. DPS Officers performed a search of the trunk compartment. In addition to the first bundle of U.S. Currency, officers located a white plastic Wal-mart bag underneath the spare tire.

The Wal-mart bag contained a large vacuum sealed bag of U.S. Currency. Another loose bundle of U.S. Currency wrapped with a rubber band was found inside the white plastic bag. The total amount of money seized from the trunk of the 2007 Chevrolet Monte Carlo with Texas license plate 944RMK that Jasso was driving was $87,700.00.

14. On April 13, 2007, DPS released the $87,700.00 in U.S. Currency seized from the trunk of Jasso's rental vehicle to the FBI.

15. On June 12, 2007, the FBI made a controlled purchase of a kilo of cocaine from Jasso, Aguilar, Jr., and Palacios. The purchase was conducted at Aguilar's apartment in the Arlington Park Apartments, a complex located east of the Spanish Oaks Apartments on East Park Row in Arlington, Texas. Prior to the purchase, surveillance established that Jasso delivered a large cardboard box to the apartment.

16. FBI Agents submitted the substance purchased from Jasso, Aguilar and Palacios to the Drug Enforcement Administration crime laboratory. Once analyzed, the substance proved to be 780.7 grams of material containing cocaine (Lab #F08970).

17. On November 19, 2008, a ninety-eight count Indictment was filed in United States District Court, Northern District of Texas, Fort Worth, Division, charging Jasso with violations of Title 21 U.S.C., Sections 841(a)(1) and (b)(1)(B), and Title 18, U.S.C., Section 2 (Distribution of a Controlled Substance).

18. On May 14, 2009, a Plea Agreement and Waiver of Appeal was filed in United States District Court, Northern District of Texas, Fort Worth Division. In the Plea Agreement, Jasso pleaded guilty to the offense alleged in Count 4 of the Indictment, charging a violation of Title 21, U.S.C., Sections 841(a)(1) and (b)(1)(B), Unlawful Distribution of More Than five hundred (500) grams of cocaine, a schedule II, controlled

substance. Jasso also agreed in this Plea Agreement to the forfeiture of the $87,700.00 seized from him on April 12, 2007. Jasso further agreed not to contest any criminal, civil, or administrative proceeding for the forfeiture of said property, and gave up all rights to the property. Jasso also agreed to cooperate with the government in any forfeiture proceedings that have been instituted or that may be instituted in the future relating to the property. Such cooperation shall include, but is not limited to, truthful testimony, if required, regarding the source and use or intended use of the property.

## CONCLUSION

19. Based upon the above facts, statements, and circumstances, I believe that the Defendant Property of $87,700.00 in U.S. Currency, is subject to forfeiture because it is the proceeds of an exchange for a controlled substance in violation of Subchapter I, Chapter 13 of Title 21 of the United States Code and was intended to be used to facilitate further violations of Subchapter I, Chapter 13 of Title 21 of the United States Code.

Andrew D. Farrell, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before
me this ___ day of December, 2009

_____
NOTARY PUBLIC


LINDA G. COOK
MY COMMISSION EXPIRES
August 24, 2010

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 14 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO: 4-08-CR-098-Y |
| JOSE JAIME JASSO,<br>a.k.a. "Jaime"(13) | § § § | |

PLEA AGREEMENT and WAIVER of APPEAL

Jose Jaime Jasso, Mark R. Robinius, the defendant's attorney, and the United States of America (the government), agree as follows:

1. Rights of the defendant: Jasso understands that he has the rights

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. Waiver of rights and plea of guilty: Jasso waives these rights and pleads guilty to the offense alleged in Count 4 of the

*U.S. v. Jasso*,
Cause No. 4:08-CR-098-Y
Plea Agreement - Page 1

GOVERNMENT
EXHIBIT
2

superseding indictment, charging violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), Unlawful Distribution of More Than five hundred (500) grams of cocaine, a schedule II, controlled substance. Jasso understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. Sentence: The maximum penalties the Court can impose include:

   a. imprisonment for a period not less than five years, nor more than 40 years;

   b. a fine not to exceed $ 2,000,000.00 or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not less than 4 years, which may be mandatory under the law and will follow any term of imprisonment. If Jasso violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release.

   d. a mandatory special assessment of $ 100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Jasso agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

  f. costs of incarceration and supervision; and

  g. forfeiture of property.

4. Court's sentencing discretion and role of the Guidelines: Jasso understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Jasso has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Jasso will not be allowed to withdraw his plea if his sentence is higher than expected. Jasso understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. Mandatory special assessment: Jasso agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessments in this case.

6. Defendant's agreement: Jasso shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Jasso shall submit a personal financial statement under oath and submit to interviews by the

government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. Forfeiture of property: ~~Jasso agrees to forfeit the property set forth in the forfeiture allegation related to Count One of the Indictment. This property is more fully described as:~~

~~Money Judgment~~

~~A sum of money equal to $2,000,000 in United States currency, representing the amount of proceeds obtained as a result of the offense, for which the defendants are jointly and severally liable, and,~~

$87,700.00 in U.S. currency, seized April 12, 2007, from Jose Jaime Jasso at Interstate 35 South, Mile Post 328, Hewitt, Texas. (07-FBI-002564).

~~Jasso agrees that $2,000,000 is the amount of proceeds he and his conspirators obtained as a result of the commission of the Count One offense.~~ Jasso further agrees not to contest any criminal, civil, or administrative proceeding for the forfeiture of said property, and gives up all right to the property. Jasso also agrees to cooperate with the government in any forfeiture proceedings that have been instituted or that may be instituted in the future relating to the property. Such cooperation shall include, but is not limited to, truthful testimony, if required, regarding the source and use or intended use of the property. Jasso agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

*U.S. v. Jasso*,
Cause No. 4:08-CR-098-Y
Plea Agreement - Page 4

8. Government's agreement: The government will not bring any additional charges against Jasso based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges against Jasso in the pending indictment/information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Jasso or any property.

9. Violation of agreement: Jasso understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Jasso for all offenses of which it has knowledge. In such event, Jasso waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Jasso also waives

objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. Voluntary plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. Waiver of right to appeal or otherwise challenge sentence: Jasso waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Jasso, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. Representation of counsel: Jasso has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully

satisfied with that lawyer's legal representation. Jasso has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Jasso has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 12th day of May, 2009.

X *[signature]*
Jose Jaime Jasso
Defendant

Unit 4,

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

*[signature]*
J. Michael Worley
Assistant United States Attorney
Texas State Bar No. 22001400
Suite 1700, 801 Cherry Street,

Fort Worth, Texas 76102-
Telephone: 817.252.5200
Facsimile: 817.978.3094
Email: Mike.Worley@usdoj.gov

_____
Mark Russell Robinius
Attorney for Defendant
State Bar of Texas No. 24025865

_____
Mark Nichols
Deputy Criminal Chief
Texas State Bar No. 14997700

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

X _____   5-12-09
Jose Jaime Jasso              Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   5/12/09
Mark Russell Robinius        Date
Attorney for Defendant

U.S. v. Jasso,
Cause No. 4:08-CR-098-Y
Plea Agreement - Page 8

JS 44 (USAO Rev.7/98) **CIVIL COVER SHEET** ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

NORTHERN DIST. OF TX.
FT WORTH DIVISION
2009 DEC 15 AM 10:55
CLERK OF COURT

| I. (a) PLAINTIFF<br>UNITED STATES OF AMERICA | DEFENDANT(S)<br>$87,700.00 in U.S. Currency |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  New York<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Walt M. Junker, AUSA<br>United States Attorney's Office, Burnett Plaza, Suite 1700, 801 Cherry St., Unit "4,<br>Fort Worth,, Texas 76102<br>817.252.5251 | ATTORNEYS (IF KNOWN)<br><br>4-09 CV-742-A |

**II. BASIS OF JURISDICTION** (PLACE "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Cntry | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance<br>[] 120 Marine<br>[] 130 Miller Act<br>[] 140 Negotiable Instrument<br>[] 150 Recovery of Overpayment & Enforcement of Judgment<br>[] 151 Medicare Act<br>[] 152 Recovery of Defaulted Student Loan (Excl. Veterans)<br>[] 153 Recovery of Overpayment at Veteran's Benefits<br>[] 160 Stockholders' Suits<br>[] 190 Other Contract<br>[] 195 Contract Product Liability<br><br>**REAL PROPERTY**<br>[] 210 Land Condemnation<br>[] 220 Foreclosure<br>[] 230 Rent Lease & Ejectment<br>[] 240 Torts to Land<br>[] 290 All other Real Property | **PERSONAL INJURY**<br>[] 310 Airplane<br>[] 315 Airplane Product Liability<br>[] 320 Assault, Libel & Slander<br>[] 330 Federal Employers Liability<br>[] 340 Marine<br>[] 345 Marine Product Liability<br>[] 350 Motor Vehicle<br>[] 355 Motor Vehicle Product Liability<br><br>**CIVIL RIGHTS**<br>[] 441 Voting<br>[] 442 Employment<br>[] 443 Housing/ Accommodations<br>[] 444 Welfare | **PERSONAL INJURY**<br>[] 362 Personal Injury Med Malpractice<br>[] 365 Personal Injury Product Liability<br>[] 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>[] 370 Other Fraud<br>[] 371 Truth in Lending<br>[] 380 Other Personal Property Damage<br>[] 385 Property Damage Product Liability<br><br>**PRISONER PETITIONS**<br>[] 510 Motions to Vacate Sentence<br>**Habeas Corpus**<br>[] 530 General<br>[] 535 Death Penalty<br>[] 540 Mandamus & Other<br>[] 550 Other (including 1983 Actions) | [] 610 Agriculture<br>[] 620 Other Food & Drug.<br>[X] 625 Drug Related Seizure of Property 21U.S.C. 881<br>[] 630 Liquor Laws<br>[] 640 R.R. & Truck<br>[] 650 Airline Regs.<br>[] 660 Occupational Safety/Health<br>[] 690 Other<br><br>**LABOR**<br>[] 710 Fair Labor Standards Act<br>[] 720 Labor/Mgmt.Relations<br>[] 730 Labor/Mgmt. Reporting & Disclosure Act<br>[] 740 Railway Labor Act<br>[] 790 Other Labor Litigation<br>[] 791 Empl. Ret. Inc. Security Act. | [] 422 Appeal 28 U.S.C. 158<br>[] 423 Withdrawal 28 U.S.C. 157<br><br>**PROPERTY RIGHTS**<br>[] 820 Copyrights<br>[] 830 Patent<br>[] 840 Trademark<br><br>**SOCIAL SECURITY**<br>[] 861 HIA (1395f)<br>[] 862 Black Lung (923)<br>[] 863 DIWC/DIWW (405(g))<br>[] 864 SID Title XVI<br>[] 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[] 870 Taxes (U.S. Plaintiff or Defendant)<br>[] 871 IRS - Third Party 26 U.S.C. 7609 | [] 400 State Reapportionment<br>[] 410 Antitrust<br>[] 430 Banks and Banking<br>[] 450 Commerce/ICC Rates, etc<br>[] 460 Deportation<br>[] 470 Racketeer Influenced Corrupt Organizations<br>[] 810 Selective Service<br>[] 850 Securities/ Commodities/Exchange<br>[] 875 Customer Challenge 12 U.S.C. 3410<br>[] 891 Agricultural Acts<br>[] 892 Economic Stabilization Act<br>[] 893 Environmental Matters<br>[] 894 Energy Allocation Act<br>[] 895 Freedom of Information Act<br>[] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[] 950 Constitutionality of State Statutes<br>[] 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTE UNLESS DIVERSITY)
FORFEITURE -- 21 U.S.C. 881(a)(6)

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION [ ] UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: [ ] YES  [XX ] NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE_____   DOCKET NUMBER_____

DATE December 15 2009

SIGNATURE OF ATTORNEY OF RECORD
Walt M. Junker

UNITED STATES DISTRICT COURT   Walt M. Junker, Assistant United States Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO: **4 - 09 CV - 7 4 2 - A**

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____   DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| Judge | Court Settings | Pleadings Filed |
|---|---|---|
| (A) Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.